# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

IN RE DONNA RAY JOHNSON,

    Debtor,

DONNA RAY JOHNSON,

    Plaintiff,

v.                                                                                          Case No. 2:19-mc-00032-MSN

WELLS FARGO HOME MORTGAGE,
SELENE FINANCE LP,
SN SERVICING CORPORATION,
BUNGALOW SERIES REO, LLC
U.S. BANK N.A.,

    Defendants.

_____

**ORDER ADOPTING PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**
_____

Before the Court is Bankruptcy Judge Jennie D. Latta's ("Bankruptcy Judge") Proposed Findings of Fact and Conclusions of Law ("Report") filed July 16, 2019. (ECF No. 1.) For the following reasons, the Report is **ADOPTED**, and the First Amended Complaint is **DISMISSED** as to all Defendants and all Counts.

The original complaint was filed December 6, 2018. Defendant Selene Finance LP ("Defendant Selene") filed a motion to dismiss on January 18, 2019. Rather than responding to the motion to dismiss, Plaintiff filed a First Amended Complaint. In response to the First Amended Complaint, Defendant Selene filed a second motion to dismiss, and the remaining Defendant also filed motions to dismiss.

The First Amended Complaint alleges that the property that is the subject of the litigation is property of the bankruptcy estate. The Bankruptcy Judge concluded this was not correct because the property that is the subject of the First Amended Complaint was the subject of a foreclosure sale conducted and completed while no bankruptcy case was pending and no stay was in effect. Therefore, the Bankruptcy Judge concluded that the property itself did not become property of the bankruptcy estate and could not provide a basis for bankruptcy jurisdiction.

The First Amended Complaint also alleges breach of contract, violation of the Truth in Lending Act, 12 C.F.R. Part 226 ("TILA"), negligent misrepresentation, breach of duty under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"), wrongful foreclosure, fraud and misrepresentation, civil conspiracy, and conversion of property.  None of the these causes of action arises under the Bankruptcy Code or in a case under the Bankruptcy Code. Instead, to the extent that the causes of action asserted by Plaintiff arose prior to the filing of her bankruptcy petition (or while the bankruptcy case was dismissed), they are property of Plaintiff's bankruptcy estate. 11 U.S.C. §§ 541(a) and 1306(a)(1). This case is related to the bankruptcy case filed by Plaintiff because, if successful, it will result in recovery for the benefit of creditors of the bankruptcy estate. *Browning v. Levy*, 283 F.3d 761, 773 (6th Cir. 2002).  It is not, however, a core bankruptcy proceeding. *See* 28 U.S.C. § 157(b)(1) and (2).

A bankruptcy court's jurisdiction stems from 28 U.S.C. §§ 1334 and 157.  Under 28 U.S.C. § 1334, district courts have jurisdiction over "cases under title 11," and proceedings "arising under," "arising in a case under," or "related to a case under" title 11.  28 U.S.C. § 1334(a) and (b).  District courts routinely refer this jurisdiction over bankruptcy cases and proceedings to the bankruptcy courts.  *See* 28 U.S.C. § 157(a).

Title 28 U.S.C. § 157 "permits a bankruptcy court to adjudicate a claim to final judgment in two circumstances – in core proceedings, *see* § 157(b), and in non-core proceedings 'with the consent of all the parties,' § 157(c)(2)." *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 37 (2014). To enter a final judgment in a core proceeding, a bankruptcy court must also have constitutional authority to do so pursuant to the Supreme Court's decisions in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50 (1982), *Stern v. Marshall*, 564 U.S. 462 (2011), and *Executive Benefits*. As the Supreme Court has observed, "Congress may not bypass Article III simply because a proceeding may have some bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." *Stern*, 564 U.S. at 499. For non-core proceedings and for core proceedings in which the bankruptcy court does not have constitutional authority to enter a final judgment, the bankruptcy court may "'hear [the] proceeding,' and then 'submit proposed findings of fact and conclusions of law to the district court.'" *Exec. Benefits*, 573 U.S. at 34 (quoting 28 U.S.C. § 157(c)(1)) (alterations in original). The district court reviews these proposed findings of fact and conclusions of law *de novo*. *Id.* at 2168. Under Bankruptcy Rule 9033(d), the district court need only review the portions of the bankruptcy judge's report to which there are specific written objections. *Cf. Thomas v. Arn*, 474 U.S. 140, 148–53 (1985) (explaining that neither the text nor the history of the provision of the Federal Magistrates Act parallel to Bankruptcy Rule 9033(d), requiring *de novo* review of the portions of a recommendation to which specific objections have been made, "requires [a] district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").

Here, the Court referred its jurisdiction under §§ 1334 and 157 to the bankruptcy court. The Bankruptcy Judge concluded that Plaintiff's Complaint constituted a non-core proceeding

under *Stern* and at least one of the Defendants did not consent to the entry of final orders and/or judgment by the Bankruptcy Judge.  (*See* ECF No. 1 at PageID 3.)  Therefore, the Bankruptcy Judge submitted proposed findings of fact and conclusions of law.

The deadline to object to the Report has passed, and neither Plaintiff nor Defendants have filed any objections.  The Court has reviewed the Report for clear error and finds none, warranting dismissal pursuant to 28 U.S.C. § 1334(b).  Therefore, the Court hereby **ADOPTS** the Bankruptcy Judge's Proposed Findings of Fact and Conclusions of Law (ECF No. 1) and **DISMISSES** the First Amended Complaint as to all Defendants and all Counts.

**IT IS SO ORDERED**, this 19th day of November 2020.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE